UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. PITTS,

       Petitioner,

                                            Civil No. 05-60233
v.                                          Criminal No. 03-80694

UNITED STATES OF AMERICA,               Hon. John Corbett O'Meara

       Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S**
**MOTION TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

     Petitioner, Timothy M. Pitts, filed a Motion for Relief from Judgment pursuant to Rule

60(b) on January 30, 2006.[1]  Petitioner previously filed a motion for modification of his sentence

pursuant to 28 U.S.C. § 2255, which was denied by the court on January 11, 2006.

     In his Rule 60(b) motion, Petitioner requests that the court "reconsider the order of

judgment issued on 8/25/2004 and the Order denying petitioner's motion for modification of

sentence under § 2255."  As a basis for revisiting the underlying judgment, Petitioner cites

Magana v. Hofbauer, 263 F.3d 542 (6th Cir. 2001) and Griffin v. United States, 330 F.3d 733 (6th

Cir. 2003), both of which involve ineffective assistance of counsel claims.  Petitioner does not,

however, identify how he believes his counsel was ineffective.  Petitioner also suggests that the

court would have imposed a different sentence in light of U.S. v. Booker, 125 S.Ct. 738 (2005).

     As a threshold matter, the court must determine whether Petitioner's motion is properly

---

[1] This Order Transferring Petitioner's Motion was issued in February 2006, but not
docketed due to a clerical error.  The court regrets that it has taken this extended period of time
to discover and correct the error.

brought pursuant to Rule 60(b) or whether it should be construed as a second or successive §

2255 motion. See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (noting that "§

2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district

court, in the first instance, over a second or successive habeas petition"); 28 U.S.C. § 2255.  The

court should construe the motion as a habeas petition if "it attacks the federal court's previous

resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on

the merits is effectively indistinguishable from alleging that the movant is, under the substantive

provisions of the statutes, entitled to habeas relief." Gonzales v. Crosby, 125 S.Ct. 2641, 2648

(2005) (applying § 2254).  On the other hand, a proper Rule 60(b) motion "attacks, not the

substance of the federal court's resolution of a claim on the merits, but some defect in the

integrity of the federal habeas proceedings." Id.

        In the instant case, Petitioner attacks the underlying judgment on the merits.  Therefore,

Petitioner's Rule 60(b) motion is properly construed as a second or successive § 2255 petition.

Petitioner has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such a

motion.  Accordingly, this court lacks jurisdiction to consider Petitioner's second § 2255 motion

and will transfer it to the Court of Appeals for the Sixth Circuit. "[W]hen a second or successive

petition for habeas corpus relief or § 2255 motion is filed in the district court without §

2244(b)(3) authorization from this court, the district court shall transfer the document to this

court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS HEREBY ORDERED that Petitioner's motion is TRANSFERRED to the Court of

Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631.


s/John Corbett O'Meara
United States District Judge


Dated:  August 27, 2007


I hereby certify that a copy of the foregoing document was served upon the parties of record on
this date, August 27, 2007, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager